UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YOSANY SOSA-MESA,

      Petitioner,

v.                          Case No. 2:26-cv-466-JES-NPM

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY, et al.,

      Respondents.
_____/

## OPINION AND ORDER

Before the Court are Petitioner Yosany Sosa-Mesa's petition for writ of habeas corpus (Doc. 4), the government's response (Doc. 9), and Sosa-Mesa's reply (Doc. 12).  For the below reasons, the Court grants the petition to the extent set forth in this Order.

### I.  Background

Petitioner Sosa-Mesa is a native and citizen of Cuba who entered the United States in 2006.  (Doc. 4 at 2).  He was granted legal permanent resident status in 2006.  (Id.)  However, he was convicted of conspiracy to commit fraud in 2013 and sentenced to 120 months in prison.  (Doc. 9 at 1-2).  Thereafter, an immigration judge issued an order of removal on or around December 3, 2014.  (Id. at 2).  He was released under an order of supervision on December 5, 2014 that directed him to report to Immigration and Customs Enforcement (ICE) upon his release from

prison.  (Id.)  Sosa-Mesa has complied with the conditions of his release by maintaining lawful employment, residing with family, and having no subsequent criminal history.  (Doc. 4 at 2).

Nevertheless, Sosa-Mesa was served with a notice of revocation of release and placed into immigration custody on October 28, 2025.  (Doc. 9 at 2).  On December 12, 2025, he was served with a notice of removal indicating that ICE intends to remove him to Mexico.  (Id.)  At the time of filing this petition, Sosa-Mesa had been in ICE custody for 139 days.  (Id.)  As of April 27, 2026, Sosa-Mesa has been confined for 181 days.

## II.  Discussion

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  Singh v. U.S. Attorney Gen., 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  Id.  Detention may continue after the removal period, but not indefinitely.

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  533 U.S. at 700-01 (2001).  If removal

is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal."  Id. at 699.  The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]."  Id. at 701.  So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days.  Id.  Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention.  If, after 180 days, the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must provide sufficient evidence to show otherwise.  Id.

Here, Respondents assert (and the Court agrees) that Sosa-Mesa was given a final order of removal in 2014.  (Doc. 9 at 2).  He has now been in immigration custody for 181 days, since October 28, 2025.  Because the six-month period for presumptively reasonable detention has expired, Zadvydas's burden-shifting framework applies.

Respondents make no argument that Sosa-Mesa's removal is likely in the reasonably foreseeable future.  The sole argument in their response is that Sosa-Mesa had not yet been detained for

3

180 days when he filed his petition and that he "was served with notice of removal that ICE intends to remove him to Mexico."  (Doc. 9 at 2).  They do not allege that Mexico—or any other country—has actually agreed to accept Sosa-Mesa (or even responded to their inquiries), and they do not explain why no progress has been made on that front in the 181 days since Sosa-Mesa was taken into detention.  Nor do they allege that U.S. officials have contacted any other country about accepting Sosa-Mesa.  In short, they do not demonstrate that they have done anything specifically to effectuate Sosa-Mesa's removal in the 181 days he has been detained in immigration custody.  Under Zadvydas, this is insufficient to show a realistic likelihood of Sosa-Mesa's removal in the reasonably foreseeable future.[1]  See Douglas v. Baker, 812 F. Supp. 3d 525, 532 (D. Maryland Oct. 24, 2025) ("[T]he deference baked into the Zadvydas standard does not permit the government to detain a noncitizen and then sit on its hands. Such inaction, or lack of

---

[1] See 8 C.F.R. 241.13(f) ("Factors for consideration [as to whether there is a significant likelihood of removing a detained alien]. The HQPDU shall consider all the facts of the case including, but not limited to, the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.").

progress in effectuating removal, is precisely what <u>Zadvydas</u> forbids.")

### III. Conclusion

The Court finds no significant likelihood that Sosa-Mesa will be removed in the reasonably foreseeable future. He is entitled to release from detention under <u>Zadvydas</u>, but he remains subject to the terms of an order of supervision. If Sosa-Mesa fails to comply with the conditions of release, he may be subject to criminal penalties—including further detention. <u>See</u> 8 U.S.C. § 1253(b); <u>Zadvydas</u>, 533 U.S. at 695 ("[W]e nowhere deny the right of Congress ... to subject [aliens] to supervision with conditions when released from detention, or to incarcerate them where appropriate for violations of those conditions").

If removal becomes likely in the reasonably foreseeable future, ICE can re-detain Sosa-Mesa to "assur[e] [his] presence at the moment of removal." <u>Zadvydas</u>, 533 U.S. at 680.

Accordingly, it is hereby

**ORDERED:**

1. Yosany Sosa-Mesa's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

2. Respondents shall release Sosa-Mesa within 24 hours of this Order, and they shall facilitate his transportation from the detention facility by allowing him telephone access to notify

counsel and his family of when and where he can be collected.

3.    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 28, 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

6